**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00016-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RUBY JANE MCMILLIAN (02)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is a *pro se* Motion to Reduce Sentence or Compassionate Release [Doc. No. 102] filed by Ruby J. McMillian ("McMillian") on July 25, 2022. The Government filed a Response to the Motion on August 5, 2022 [Doc. No. 105]. McMillian has not filed a Reply. For the reasons set forth herein, McMillian's Motion for Compassionate Release [Doc. No. 102] is DENIED.

**I.  Background**

On May 5, 2021, McMillian plead guilty to one count of possession with intent to distribute 5 grams of methamphetamine and fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)) [PSR. ¶ 5]. A presentence investigation report was prepared by the United States Probation Office, and her sentencing guidelines yielded a guideline range of 100 to 125 months imprisonment. [PSR, ¶ 91]. The statutory sentencing range was five (5) years (60 months) to forty years (480 months). On August 19, 2021, this Court sentenced McMillian to 110 months imprisonment with five (5) years supervised release, a sentence within the guidelines [Doc. No. 84]. Her projected release date is December 2028.

In her motion, McMillian asserts that she has exhausted available administrative remedies, and she provides documentation in support of that assertion. Specifically, McMillian asserts that

she submitted her request for compassionate release to the warden on March 3, 2022, and that it was denied on April 13, 2022.

McMillian's motion is not related to COVID-19. Instead, McMillian asserts that she has numerous health problems that are being untreated. She also argues that the Warden's assertion that she is on a well-controlled prescription medication for gastroesophageal reflux disease and irritable bowel syndrome are untrue. She argues that she was denied the necessary medication she needs for these two ailments. Further, she states that she is on medication for chronic migraine but that the medication does not work for her. [Doc. No. 102, p. 5].

She is not over 70 years old, and the Director of the Bureau of Prisons has determined that she is not a danger to the safety of any other person or the community.

**II.    Law and Analysis**

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under Title 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, McMillian moves to modify her sentence under 18 U.S.C. § 3852(c)(1)(A). Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed, the First Step Act. Among other actions, the First Step Act amended the compassionate release

process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies. In this case, McMillian exhausted her administrative remedies by submitting a proper administrative request for compassionate release to the warden on March 3, 2022, which was denied on April 13, 2022.

After a prisoner exhausts their administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A. Extraordinary and Compelling Reasons are Not Present

The specific policy statement referencing 18 § 3582(c)(1)(A) is U.S.S.G. § 1B1.13. It provides that "[u]pon motion of the Director of the Bureau of Prisons," a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that "extraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2) and (3).

The § 1B1.13 policy statement also includes commentary specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a

serious functional or cognitive impairment, or (3) experiencing deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The commentary does set forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including the incapacitation of the caregiver of the defendant's minor children. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

In *United States v. Shkambi*, 993 F.3d 388, 2021 WL 1291609 (5th Cir. Apr. 7, 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 2021 WL 1291609, at *4.

*Shkambi* does not, however, render §1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working

4

definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

The defendant bears the burden to establish that circumstances exist under which he or she is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The only conceivable "extraordinary and compelling reason" that might apply in this case is "suffering from a serious physical or medical condition."

### B.    Medical Conditions of Defendant

As noted above, the policy statement contained in U.S.S.G. § 1B1.13 cmt. n.1(A)(ii) does recognize that certain medical conditions besides metastatic solid-tumor cancer, ALS, end-stage organ disease, or advanced dementia can give rise to extraordinary and compelling reasons. Specifically, the standard can be met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive

impairment, or (3) experiencing deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

At the outset the Court finds that McMillian's claim that she is not being properly medicated relates to the conditions of her confinement and does not give rise to grounds for a compassionate release. Requests related to the conditions of confinement are outside the scope of relief potentially available under 18 U.S.C. § 3582(c)(1)(A) and are not cognizable under this motion. *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007). Even if the claim were cognizable under this motion, McMillian's motion must still be denied.

McMillian's medical conditions do not rise to the level of severity specified under the non-binding policy statement because none of the conditions substantially diminish her ability to provide self-care and are not ones from which McMillian is not expected to recover. McMillian asserts that she is entitled to compassionate release because she suffers from gastroesophageal reflux disease, irritable bowel syndrome, and chronic migraines and that these "serious health problems…can only get worse." [Doc. No. 102-3]. While not determinative, these conditions do not fall within one of the categories specified in the policy statement's commentary. The policy statement is no longer binding on the Court, but it remains persuasive as to what constitutes "extraordinary and compelling reason" for relief. *Thompson*, 984 F.3d at 433; *Gunn*, 980 F.3d at 1180. None of McMillian's conditions are terminal illnesses such as metastatic solid-tumor cancer, ALS, end-stage organ disease, or advanced dementia. McMillian's conditions are treatable, not terminal, and do not diminish

her ability to care for herself in prison. Therefore, they do not rise to the level anticipated by § 3582(c)(1)(A).

### C. Danger to the Community

Additionally, the Court finds that McMillian has not demonstrated that release is appropriate in light of the § 3553(a) factors. *See 18 U.S.C. § 3582(c)(1)(A); Shkambi*, 2021 WL 1291609 at, * 3 (noting that one of the requirements for relief the FSA left undisturbed was that the defendant "convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors"); *see also, United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (affirming the denial of compassionate release where the district court properly relied on the fact that an inmate suffering from terminal cancer had a violent criminal history, had committed a violent offense, and had served less than half the sentence imposed).

Even though § 1B1.13(2), which requires the district court to consider the "danger to the safety of any other person or to the community," is no longer binding with respect to a defendant-filed motion in the light of *Shkambi*, as noted above, the policy statement remains persuasive in ruling on such motions, *Thompson*, 984 F.3d at 433. It also makes sense that this Court, like the Director of the Bureau of Prisons, would consider the danger posed by the defendant upon release.

Title 18 U.S.C. § 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol

7

abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant[.]

Here, McMillian has failed to demonstrate that she will not pose a danger to the community if she is released. She has also failed to demonstrate that her release comports with the applicable § 3553(a) factors. Her underlying conviction and criminal history both indicate that she will pose a danger to the community and that she performs poorly under supervision.

According to the PSR, McMillian was convicted of a serious drug offense in this matter. Agents searched McMillian's purse and found approximately 62 grams of methamphetamine, 30 grams of heroin, 36 grams of cocaine, three clonazepam pills and $669.00. [PSR, ¶¶ 10,22]. Additionally, agents found another approximately 800 grams of methamphetamine, 100 Xanax pills, 400 grams of marijuana, hydrocodone pills, two firearms, and $2,152.00 in McMillian's residence. [Id., ¶¶ 10-23]. Therefore, even though she only pled guilty to possession with intent to distribute methamphetamine, the evidence suggests that the defendant possessed multiple controlled substances with the intent to distribute said substances.

Further, McMillian has a significant criminal history with a prior felony conviction in 2015 in this Court for conspiracy to distribute and possess with intent to distribute methamphetamine. [PSR, ¶ 49]. She served thirty-eight (38) months of imprisonment and was placed on supervised release in 2017. During said supervised release, McMillian tested positive for methamphetamine on three separate occasions, and, after failing to report for substance abuse treatment, she left another facility against medical advice. [Id.]. The Court ultimately revoked her supervised release. Given McMillian's poor history on supervised release and her drug-related criminal history, the 18 U.S.C. § 3553(a) factors weigh against her release.

The Court finds that McMillian has not presented extraordinary and compelling reasons justifying her release, and that the relevant § 3553(a) factors weigh against it.

### III. Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Motion to Reduce Sentence or Compassionate Release [Doc. No. 102] filed by Ruby J. McMillian is **DENIED.**

MONROE, LOUISIANA, this 9th day of August 2022.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

9