UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**             **CASE NO.  3:21-CR-00016-02**

**VERSUS**                               **JUDGE TERRY A. DOUGHTY**

**RUBY JANE MCMILLIAN**                  **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Reduce Sentence Pursuant to USSG Amendment 821 [Doc. No. 108] filed by Ruby Jane McMillian ("McMillian"). A Retroactivity Report [Doc. No. 110] was filed by the United States Probation Office on November 28, 2023. An Opposition [Doc. No. 112] was filed by the United States of America (the "Government") on January 2, 2024. Also pending before the Court is a Motion for Hardship Credit for Hard Time Served [Doc. No. 111] filed by McMillian on December 19, 2023.

For the reasons set forth herein, McMillian's Motions are **DENIED**.

**I.     BACKGROUND**

On April 28, 2021, McMillian was indicted in a superceding indictment for Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846, and for one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C.  §§ 841(a)(1) and (b)(1)(B)(viii).[1]

On November 20, 2020, the Ouachita Parish Sheriff's Office and United States Marshals went to the home of McMillian's co-defendant, Lee Underwood, to execute an arrest warrant.

---

[1] [Doc. No. 36]

1

There, the agents found McMillian and another individual inside the home. Methamphetamine, fentanyl, marijuana, firearms, and ammunition were also found inside the home.[2]

On May 5, 2021, McMillian pled guilty to the Possession with Intent to Distribute Methamphetamine charge.[3] On August 18, 2021, McMillian was sentenced to serve 110 months imprison with five years of supervised release and to pay a special assessment of $100.00.[4]

November 27, 2023, the instant Motion was filed.[5] According to the Retroactivity Report,[6] McMillian is ineligible for a reduction because she received no status points pursuant to USSG § 4A1.1(c) and because she was not a zero point offender pursuant to USSG § 4C1.1.

## II.    LAW AND ANALYSIS

In Part A of Amendment 821 to the United States Sentencing Commission Guidelines, the Sentencing Commission addressed the "status points" provision regarding criminal history. The amended provision results in a defendant that has seven criminal history points or more receiving one additional status point instead of two. The amended provision also results in a defendant that has six criminal history points or fewer receiving no status points.

In McMillian's case, she did not receive any status points, so she is not eligible for relief under Part A. Part B of Amendment 821, which deals with zero criminal history point offenders, also does not apply because McMillian received seven (7) criminal history points.

This amendment was made retroactive, but a court may not order the release of a defendant to occur prior to February 1, 2024.[7] In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline

---

[2] [Doc. No. 110, pp. 7-10]
[3] [Doc. No. 47]
[4] [Doc. Nos. 79, 84]
[5] [Doc. No. 108]
[6] [Doc. No. 110]
[7] USSG 1B1.10(c)(2) (Nov. 1, 2023)

amendment. The Supreme Court adopted the following two-step analysis:

> (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant;
>
> (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted in whole or in part under the particular circumstances of the case.

*Id*. A court generally may not reduce a defendant's sentence to less than the minimum of the substantiated guideline range.

It is only necessary in this case to apply the first step of *Dillon* because McMillian is not eligible for relief under either Part A or Part B of Amendment 821. McMillian is not eligible for reduction under Part A of Amendment 821 because she received no status points. McMillian is not eligible for reduction under Part B of Amendment 821 because McMillian was not a zero point offender.

McMillian also filed a Motion For Hardship Credit For Hard Time Served [Doc. No. 111] ("Motion for Hardship"). In this Motion, McMillian asks this Court to give her two days of credit for every one day served because of alleged limited recreational services, inadequate dietary needs, lack of personal hygiene, and proper medical care. McMillian's Motion does not set forth legal grounds for this Court to grant her request and it is therefore **DENIED**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that because McMillian is not eligible for reduction pursuant to Part A or Part B of Amendment 821, her Motion to Reduce [Doc. No. 108] is **DENIED.**

**IT IS FURTHER ORDERED** that her Motion for Hardship [Doc. No. 111] is **DENIED**.

**MONROE, LOUISIANA**, this 17th day of January 2024.

                                                                   **TERRY A. DOUGHTY**
                                               **UNITED STATES DISTRICT JUDGE**